Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| DEBORAH BURGOS EN REPRESENTACIÓN D.G.B.<br><br>Recurrida<br><br>V.<br><br>DEBORAH RIVERA VELÁZQUEZ EN REPRESENTACIÓN D.A.T.R.<br><br>Peticionario | TA2026CE00280 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: CN2026MU00036<br><br>Sobre:<br><br>Ley 54 Art. 2.1 (1989) |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Comparece ante nos, Deborah Rivera Velázquez (en adelante, "la peticionaria"), en representación de su hijo menor, DATR. Solicita nuestra intervención para que dejemos sin efecto la *"Orden de Protección"* emitida y notificada el 5 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Municipal de San Juan. Asimismo, la peticionaria cuestiona la *"Orden"* emitida y notificada el 18 de febrero de 2026, por dicho foro judicial. Mediante la primera determinación, el foro primario concedió la orden de protección solicitada por Deborah Burgos ("señora Burgos"), en representación de su hija menor, DGB, (en lo sucesivo, en conjunto, "la parte recurrida"). A través de la segunda determinación, el foro recurrido expuso que no tenía nada que proveer para la *"Moción Solicitando Notificación de Resolución Declarando No Ha Lugar Solicitud de Desestimación por Falta de Jurisdicción,"* presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, *denegamos* la *expedición* del auto de *certiorari* presentado.

**I.**

El 16 de enero de 2026, la parte recurrida, por conducto de su abogada, instó ante el foro primario una *"Petición de Orden de Protección."* Dicha Solicitud fue instada al amparo de la Ley para la Prevención e intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, ("Ley Núm. 54"), según enmendada, 8 LPRA sec. 601 et seq. La señora Burgos y su representación legal, radicaron la referida Petición en nombre de DGB, quien es una menor de edad de catorce (14) años. La aludida Solicitud fue promovida en contra del también menor de catorce (14) años, DATR.

La señora Burgos alegó, que su hija mantuvo una relación consensual con DATR durante la cual él ejerció en su contra conducta maltratante o negligente consistente en agresión física, verbal, emocional y/o psicológica. Además, sostuvo que DATR amenazó e intimidó a la menor DGB. Añadió, que DTAR también ejecutó en contra de su hija actos de violencia digital y de venganza pornográfica. En particular, relató que DATR ejercía control sobre la vestimenta de su hija; le profería palabras insultantes; le causaba daño físico; intentó forzarla a tener relaciones sexuales; le convenció para que le enviara fotos íntimas y la amenazó con enviar dichas fotografías a terceras personas. Así pues, solicitó que se expidiera una orden de protección a los efectos de que se le prohíba al menor DATR acercarse y comunicarse con DGB.

El mismo día, el tribunal de instancia celebró una Vista Ex parte y expidió la orden de protección peticionada hasta la fecha límite de 5 de febrero de 2026.

Posteriormente, el 21 de enero de 2026, la peticionaria en representación de su hijo menor, DATR, presentó *"Moción Solicitando la Desestimación de la Orden Ex parte por Falta de Jurisdicción."* En síntesis, adujo que el tribunal de instancia carece de jurisdicción para expedir una *"Orden de Protección"* en contra de DATR, toda vez que la Ley Núm. 54 no aplica a menores de edad. Particularizó, que el Artículo

2.3 de la referida Ley establece que este tipo de órdenes de protección solo pueden ser solicitadas por personas de dieciocho (18) años o más de edad. A su vez, razonó que los remedios concedidos por la Ley Núm. 54 son de naturaleza punitiva, específicamente en lo que respecta a las consecuencias que conlleva el violentar las órdenes de protección que han sido expedidas. Así pues, entiende que dichos componentes punitivos resultan incompatibles con el desarrollo doctrinal de la inimputabilidad de los menores de edad, según estatuido en nuestro ordenamiento penal.

En reacción, el 22 de enero de 2026, la parte recurrida presentó *"Moción de Oposición a Moción de Desestimación por Falta de Jurisdicción."* En esencia, aseveró que la Ley Núm. 54 no prohíbe ni declara sin jurisdicción al Tribunal por la razón de que el alegado agresor sea menor de edad. Ante ello, solicitó que se declare *No Ha Lugar* la petición de desestimación.

Acto seguido, el 27 de enero de 2026, el foro primario informó a las partes que atendería la moción de desestimación el día de la vista final.

Así las cosas, el 5 de febrero de 2026, el foro primario celebró la vista de este caso. En la misma fecha, notificó la expedición de la "*Orden de Protección"* que hoy es objeto de revisión. A su vez, expuso que emitía la presente Orden "teniendo jurisdicción sobre la persona y sobre la materia bajo las leyes del Estado Libre Asociado de Puerto Rico."

Ocurrida la referida notificación, el 17 de febrero de 2026, la peticionaria en representación del menor DATR, presentó *"Moción Solicitando Notificación de Resolución Declarando No Ha Lugar Solicitud de Desestimación por Falta de Jurisdicción."* Expuso, que el día de la aludida vista el foro primario declaró *No Ha Lugar* su moción de desestimación, empero el referido tribunal omitió notificar la determinación tomada en corte abierta. Ante ello, solicitó que dicho dictamen fuera notificado de forma escrita.

En la misma fecha, la peticionaria también presentó una *"Moción Solicitando Determinaciones de Hechos Adicionales, Reconsideración y Nuevo Juicio conforme a la Regla 43.1, 47 y 48 de las Reglas de Procedimiento Civil."* Esta fue declarada *No Ha Lugar* mediante *"Orden"* notificada el 18 de febrero de 2026. Ese mismo día, el foro primario atendió la moción de solicitud de notificación, presentada por la peticionaria, y determinó: "Nada que proveer. El asunto fue resuelto en corte abierta."

En desacuerdo con las determinaciones del 5 y 18 de febrero de 2026, la peticionaria presentó ante este Tribunal un recurso de *certiorari.* Mediante este, esbozó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia, Sala Municipal de San Juan, al rehusar a notificar la Resolución declarando No Ha Lugar la Moción Solicitando la Desestimación de la Orden de Protección Ex Parte por Falta de Jurisdicción y determinar que el asunto fue resuelto en corte abierta.

> Erró el Tribunal de Primera Instancia, Sala Municipal de San Juan, al asumir jurisdicción a pesar de que la Ley 54 de 15 de agosto de 1989, según enmendada, conocida como "Ley para la Prevención e Intervención con la Violencia Doméstica" está diseñada para aplicarse a personas definidas como aquellas de dieciocho (18) anos o más conforme al artículo 2.3.

El 9 de marzo de 2026, este Tribunal emitió y notificó una *"Resolución"* mediante la cual le ordenamos a la parte recurrida, que en un término de diez (10) días, mostrara causa por la que no debamos expedir el recurso presentado y con ello revocar los dictámenes recurridos.

En cumplimiento de lo anterior, el 16 de marzo de 2026, la parte recurrida presentó *"Alegato en Oposición."*

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el derecho aplicable al asunto objeto de revisión.

## II.

**A. Recurso de Certiorari:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Alio v. Santiago Chardón y otros*, 2026 TSPR 113;

*Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd*. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

En lo que respecta al Reglamento del Tribunal de Apelaciones, la Regla 32 (C) establece que el recurso de *certiorari* estará disponible para solicitar la revisión de una orden de protección. Véase, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 49, 215 DPR ___ (2025).

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v.*

*Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos

del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.      Ley para la Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989:**

La Exposición de Motivos de la Ley Núm. 54 establece que el acto de violencia doméstica consiste en el "maltrato físico y emocional que sufre una persona a manos de su cónyuge o ex-cónyuge, o a manos de una persona con quien sostiene o ha sostenido una relación íntima." A través de la creación de esta Ley, la Legislatura adoptó una normativa de tipo integral que cubre aspectos de educación, prevención y protección de la víctima. *Id.* Además, con esta legislación la Asamblea Legislativa tuvo la intención de unir esfuerzos multisectoriales para confrontar el problema de violencia doméstica tales como "el sector público, el sector privado, la policía, los tribunales, los profesionales de ayuda y la comunidad en general." *Id.*

En lo que respecta a los tribunales, la Ley Núm. 54 facultó al tribunal de instancia para dictar órdenes de protección en contra de un agresor para que se abstenga de incurrir en conducta violenta dirigida a la víctima. *Id.* Así pues, esta Ley establece "un proceso sencillo y ágil para **la obtención de remedios civiles mediante Órdenes de Protección."** (Énfasis suplido). *Id.*    De manera que, la presente Ley contempla disposiciones civiles que como regla general están regidas por las Reglas de Procedimiento Civil. 8 LPRA sec. 663. Asimismo, esta Legislación contiene disposiciones penales las cuales serán empleadas a tenor de las Reglas de Procedimiento Criminal. *Id.* El Artículo 3.2 de la Ley Núm. 54 es un ejemplo de una disposición criminal. El referido Artículo regula el maltrato agravado y entre sus modalidades circunstanciales se encuentra el maltrato cometido contra una víctima menor de dieciséis (16) años por una persona agresora de dieciocho (18) años o más de edad. 8 LPRA

sec. 632. Los actos de maltrato agravado conllevan pena de reclusión. *Id.*[1]

La Ley Núm. 54 estableció como parte de su política pública "dar énfasis a atender **las dificultades que las situaciones de violencia doméstica presentan para toda víctima, particularmente a mujeres y menores,** para preservar su integridad física y emocional, procurar su seguridad y salvar sus vidas." (Énfasis suplido). 8 LPRA sec. 601. La precitada Ley contempla que la violencia doméstica se puede manifestar "en relaciones consensuales de pareja, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación." *Id.* El término "relación de pareja" en la Ley Núm. 54 hace referencia a "la relación entre cónyuges, ex cónyuges, las personas que cohabitan o han cohabitado, las que sostienen o han sostenido una relación consensual y los que han procreado entre sí un hijo o una hija." 8 LPRA sec. 602.

Cabe resaltar, que la Exposición de Motivos de una de las enmiendas a la Ley Núm. 54, introducida por la Ley Núm. 26-2018, establece en lo atinente lo siguiente:

> **La violencia doméstica ocurre también entre jóvenes, en relación de noviazgo.** Dichas relaciones entre jóvenes no están ajenas a la violencia doméstica y es una situación que necesita ser atendida, pues afecta a un sector muy frágil y vulnerable de nuestra población. Cabe señalar **que el maltrato o violencia en el noviazgo se puede manifestar en maltrato verbal, psicológico y físico, entre otras formas.** (Énfasis suplido).

Asimismo, la enmienda a la Ley Núm. 54 impulsada por la Ley Núm. 11-2020, estableció y reconoció a los **"padres, madres, hijos e hijas mayores de edad la capacidad de solicitar una Orden de Protección a favor de su familiar que es víctima de violencia doméstica."** (Énfasis suplido). Véase, la Exposición de Motivos de la Ley Núm. 11-2020. Según el Artículo 2.3 de la Ley Núm. 54, en estos casos,

---

[1] Nótese, que el remedio punitivo que se establece para escenarios, como los del maltrato agravado, guarda concordancia con la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 LPRA sec. 2201 et seq. Esta última, define a una persona "adulta" como aquella que ha cumplido dieciocho (18) años. 34 LPRA sec. 2203. Cabe señalar que, la Ley de Menores establece tres (3) tipos de faltas no delictivas, a los fines de sancionar a los menores de edad que hayan incurrido en conductas criminales que, de haber sido cometidas por un adulto, constituirían delitos de naturaleza grave y menos grave. *Id.*

"los padres, madres y los hijos o las hijas mayores de edad, deberán haber presenciado los actos de violencia doméstica; o que la víctima haya confiado o revelado a éstos que ha sido víctima de actos constitutivos de violencia doméstica." 8 LPRA sec. 623.

Ante este escenario, el Artículo 2.1 de la Ley Núm. 54 preceptúa que las víctimas de dieciocho (18) años o más de edad, pueden solicitar al Tribunal, por sí o por medio de un representante legal o un agente de orden público, la expedición de una Orden de Protección. Véase, 8 LPRA sec. 621. De igual modo, cualquier persona "de dieciocho (18) años o más de edad, **podrá solicitar los remedios civiles que establece este Artículo para sí, o a favor de cualquiera otra persona** cuando ésta sufra de incapacidad física o mental, en caso de emergencia **o cuando la persona se encuentre impedida de solicitarla por sí misma."** (Énfasis suplido). 8 LPRA sec. 623.

De conformidad a lo anterior, la referida Ley Núm. 26-2018, dispone que los menores de edad no pueden solicitar por sí mismos una orden de protección dado que carecen de la capacidad jurídica necesaria para efectuar tal trámite. Véase, la Exposición de Motivos de la Ley Núm. 26-2018. La excepción a la aludida minoridad es la capacidad legal que la Legislatura le concedió a los jóvenes de dieciocho (18) años para solicitar por su cuenta una orden de protección. *Id.*

En cuanto al contenido de las órdenes de protección, al magistrado expedir una Orden para dichos fines deberá constar por escrito breves determinaciones de hechos y conclusiones de derecho. 8 LPRA sec. 621. En la orden expedida, el tribunal de instancia podrá, entre otras, exigir a la parte peticionada que se abstenga de molestar, amenazar, hostigar, intimidar o perseguir a la parte peticionaria. *Id.* Además, el referido tribunal tendrá la facultad de "emitir cualquier orden necesaria para dar cumplimiento a los propósitos y política pública de esta ley." *Id.* De otra parte, **"[n]o se requerirá ni será necesario que las personas protegidas por esta ley radiquen cargos criminales para poder**

**solicitar y que se expida una orden de protección."** (Énfasis suplido). 8 LPRA sec. 661.

Con relación a la casuística pertinente, recientemente nuestro más Alto Foro tuvo la oportunidad de examinar en el caso: *A. C. S. v. M. L. Q. T.*, 2025 TSPR 112, unos hechos similares a los que hoy se encuentra ante nuestra consideración. En el referido caso, la parte peticionaria era una menor de dieciséis (16) años, representada por su madre. A través del recurso discrecional incoado, la aludida menor impugnó la determinación emitida por un panel hermano de este Tribunal en el caso: TA2025CE00489 consolidado con el caso TA2025CE00518.

Al evaluar el caso consolidado, el foro apelativo reafirmó la autoridad del tribunal de instancia para emitir una Orden de Protección en contra de la aludida menor de dieciséis (16) y a favor de una menor de quince (15) años, representada por su madre. Dicha Orden de Protección había sido emitida al amparo de la Ley Núm. 54. Las menores habían mantenido una relación de noviazgo, asistían a la misma escuela y cursaban el mismo grado escolar. Ante tal dictamen confirmatorio, la menor de dieciséis (16) años, representada por su madre, recurrió vía *certiorari* al Tribunal Supremo. Alegó, en síntesis, que la Ley Núm. 54 promueve un procedimiento cuasi-penal que es inaplicable a menores de dieciocho (18) años. Por lo cual, aseveró que el Tribunal carece de jurisdicción sobre la materia para emitir órdenes de protección en estas circunstancias. Tras evaluar los planteamientos levantados, la mayoría del Tribunal Supremo determinó, mediante *Resolución*, denegar la expedición del auto de *certiorari* presentado ante sí.

### III.

En el caso que hoy nos ocupa, la peticionaria, en representación de su hijo menor, cuestiona la validez de la" Orden *de Protección"* emitida por el foro primario a tenor de la Ley Núm. 54. Como cuestión umbral, sostiene que el tribunal de instancia carece de jurisdicción para emitir una *"Orden de Protección"* en contra de un menor de catorce (14) años.

Entiende, que la Ley Núm. 54 únicamente puede ser aplicada a personas de dieciocho (18) años o más, puesto que contiene componentes punitivos significativos. Sobre el argumento jurisdiccional, la peticionaria presentó a esos fines una moción de desestimación ante el foro primario. El foro recurrido notificó a las partes que atendería el petitorio de desestimación durante la vista final del caso. Posteriormente, emitió la *"Orden de Protección"* que hoy se nos solita revisar y en la notificación esbozó que tenía facultad jurisdiccional para tal proceder.

Por otro lado, la parte recurrida alega, que la Ley Núm. 54 no contiene una prohibición expresa sobre la edad que debe tener un presunto agresor o una alegada víctima. Además, aduce que la precitada Ley provee para que un padre o madre pueda solicitar el remedio civil de una orden de protección a favor de sus hijos. Por lo cual, sostiene que la interpretación legal de la peticionaria es incorrecta. En cuanto al alegado agresor, asevera que la Ley Núm. 54, en su Artículo 3.1, establece la frase "Toda persona" al definir el término de agresor, sin más distinción. A su vez, plantea que para los casos en que un menor incumpla con una orden de protección expedida en su contra, la ilegalidad de su actuación se dilucidará a tenor de las faltas establecidas en la Ley de Menores de Puerto Rico, *supra.* Ante ello, nos solicita que no expidamos el auto de *certiorari* objeto de revisión. En la alternativa, peticiona que expidamos el recurso y confirmemos las decisiones recurridas.

Según expuesto, la Ley Núm. 54 es una legislación integral y multisectorial que se aprobó con el fin de conceder un remedio civil, mediante la expedición de órdenes de protección, a toda víctima de violencia doméstica. La política pública establecida en virtud de esta Ley brinda énfasis a las víctimas mujeres y menores. A su vez, contempla que las manifestaciones de violencia pueden existir en cualquier relación consensual de pareja, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio. La solicitud de expedición de órdenes de protección puede ser promovida por una

persona mayor de dieciocho (18) años, para sí, o a favor de cualquier otra persona. Los padres e hijos mayores de edad tienen legitimación activa pata solicitar una Orden de Protección a favor de su familiar.

Por otro lado, la parte contra la cual se haya expedido una Orden de Protección puede solicitar que este Tribunal revise su procedencia mediante la presentación de un recurso de *certiorari,* según lo permite la Regla 32(C) del Tribunal de Apelaciones, *supra.* De conformidad a lo esbozado, el auto de *certiorari* es un recurso de naturaleza discrecional cuya expedición depende del sano juicio de este Tribunal. La facultad discrecional que nos asiste está guida por los parámetros contemplados en la Regla 40, *supra.* Así pues, al examinar los criterios dispuestos en la precitada Regla, concluimos que el recurso de epígrafe no reúne los elementos necesarios para inclinar nuestra discreción a su expedición. La decisión recurrida no es contraria a derecho ni es producto de una apreciación prejuiciada o parcializada. En vista de ello, denegamos la expedición del recurso de *certiorari* objeto de revisión.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de certiorari presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones